# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EARLENE D. LOFTON,** | * |
| Plaintiff, | * |
| v. | *   Case No. RWT 05cv1885 |
| **STARTECH INC.,** | * |
| d/b/a **STARTECH SECURITY,** | * |
| Defendant. | * |

## MEMORANDUM OPINION

Before the Court are two related motions: a motion by Defendant Startech to dismiss this case and for sanctions because pro se Plaintiff Earlene Lofton failed to appear for a deposition, and a motion filed in response by Ms. Lofton for a further extension of time and for appointed counsel. For the reasons that follow, the Court will, by separate order, deny Startech's motion to dismiss and will deny Ms. Lofton's motion for appointed counsel, but will grant an extension of time.

## BACKGROUND

Plaintiff Earlene Lofton filed this employment discrimination lawsuit pro se. After this Court denied her request for appointed counsel on September 26, 2005, Ms. Lofton eventually retained counsel, Alan Lescht, Esq., who secured an extension of time to complete discovery and represented her at a settlement conference before Magistrate Judge Connelly on March 16, 2006. After the parties failed to settle at this conference, on March 20, 2006, Mr. Lescht moved to withdraw as counsel, allegedly because Ms. Lofton had failed to pay the retainer needed to prosecute the case further. *See* Paper No. 25 (mot. to withdraw). In the motion, Mr. Lescht requested a lengthy extension of time (90 more days) to complete discovery and that Ms. Lofton be excused from a previously-noticed deposition scheduled for March 31, 2006. *Id.*

Upon consideration of this motion and the defendant's opposition, as well as Ms. Lofton's months of prior efforts to secure counsel and the extensions of time that had resulted therefrom, the Court granted Mr. Lescht leave to withdraw on March 21, 2006, but ordered that the discovery extension would be for only 30 days and that the deposition would proceed as scheduled. *See* Paper. No. 27.

In response, on March 23, 2006, Ms. Lofton filed a pro se motion for extension of time, in which she requested six additional months to find a job with which to pay counsel and to find new counsel. She also renewed her request that the March 31, 2006, deposition be postponed. Paper No. 30. After receiving a response in opposition on March 27, 2006, the Court denied the motion on March 28. Paper No. 31. Following its ordinary procedure in pro se cases, the Clerk of this Court sent a copy of this order to Ms. Lofton by first-class mail, but apparently not until the next day, March 29, 2006.

On March 31, 2006, Ms. Lofton failed to attend the deposition.

## MOTION TO DISMISS

Startech argues that under Fed. R. Civ. P. 37(b)(2) and (d), Ms. Lofton's failure to attend the deposition warrants dismissal of her action. Ordinarily, Startech might well be right. Not only did Ms. Lofton fail to attend a properly noticed deposition, but the date and time of that deposition and the fact that she was required to attend had been reaffirmed by two orders of this Court.

Ms. Lofton argues that she did not receive the second of these orders—the March 28, 2006, order that denied her March 23 motion for extension of time—until later in the day on March 31, 2006, the day of the deposition. That is no excuse. The filing of a motion for extension of time or other relief does not entitle the filer to that relief; a motion is merely a request that the Court may grant or deny. Unless and until a motion is granted, the existing deadlines and orders remain in

effect and must be followed.  This is particularly true where, as here, the motion on which Ms. Lofton was awaiting action effectively asked the Court to reconsider a prior court order—a type of motion that the Court denies more often than it grants.  If Ms. Lofton did not know whether her motion had been granted, she should have acted on the assumption that it had not been and attended the deposition.  Failing that, she could have inquired of either the Court or of opposing counsel what the status of the motion was and whether the deposition was going to proceed as scheduled.

Nonetheless, the Court recognizes that Ms. Lofton is once again proceeding in this case without the assistance of counsel.  She is not an attorney, and the Court must be careful not to assume that what is self-evident to an attorney is similarly evident to litigants who do not work in and with the court system on a daily basis.

Accordingly, on this one occasion, Ms. Lofton's failure to attend the deposition will be excused, and the Court will neither dismiss the action nor impose monetary sanctions.  The Court is hesitant to impose the costs of Ms. Lofton's error on the defendant, who now has to pay its attorneys and a court reporter to attend a deposition that never took place, but it is even more hesitant to impose such costs on an unemployed, individual, pro se plaintiff who lacks the benefits of electronic case filing and who apparently made an honest mistake.  Startech's motion will be denied by separate order.

## MOTION TO APPOINT COUNSEL

Although the Court is, as noted above, sympathetic to the plight of pro se litigants like Ms. Lofton, it nonetheless will not appoint counsel.  This Court has already considered and rejected Ms. Lofton's request for appointed counsel once, and as it explained then:

> A Title VII plaintiff has no absolute right to an appointed counsel.  Before counsel may be appointed under 42 U.S.C. § 2000e-5(f)(1), the plaintiff requesting the appointment of counsel must make affirmative showings of (1) financial inability

(insufficient assets and income) to pay for counsel; (2) reasonable diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination. *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir.1992). A court may also consider the plaintiff's ability to prepare and present the case without the aid of counsel. *Id.*

Order of September 26, 2005 (Paper No. 12). The law is as this Court previously stated.

Since this Court's prior ruling, Ms. Lofton has indeed been diligent in attempting to secure counsel, thus newly satisfying the second requirement. Moreover, the history of this case and Ms. Lofton's recent filings do provide additional support for the idea that she cannot now afford to pay an attorney to represent her.

Notwithstanding these changes in circumstance, the Court's prior ruling must stand. As to the financial factor, Ms. Lofton has acknowledged that an imminent refinancing of her home, and the prospect that she will soon be employed, will provide her with more money. Moreover, she has provided no explanation for why she needs to await a security clearance to work at all (even on a temporary or part-time basis), she has previously paid retained counsel (at least to some extent), and she is not proceeding *in forma pauperis*.

As to the third factor, although this Court has not yet had occasion to consider Ms. Lofton's claims in detail, it is too early in the litigation to evaluate whether her claims have merit, but there is no immediate reason to believe that Ms. Lofton's claims are more meritorious than those of the many other plaintiffs who prosecute claims before this Court on a pro se basis. Furthermore, the fact that no attorney appears willing to take Ms. Lofton's case on a contingency basis weighs against an inference of merit.

What ultimately tips the balance is the final factor: the plaintiff's ability to prepare and present the case without the aid of counsel. Thus far, and notwithstanding a few understandable mix-ups, Ms. Lofton has capably represented her own interests in motions practice. Simply put, she

has done a sufficiently good job of representing herself that there is no reason to believe that she needs an attorney in order to obtain a just result. This might change if and when Ms. Lofton's case survives summary judgment and is scheduled for trial, but at this juncture, Ms. Lofton has shown herself able "to prepare and present the case without the aid of counsel." *Castner*, 979 F.2d at 1421.

This Court only appoints counsel in civil cases in exceptional circumstances. Sadly, the Court lacks any funds with which to pay appointed counsel in civil cases; when it appoints counsel, it must call on the goodwill of the bar and ask or order that the case be taken pro bono. The Court does and will continue to do everything in its power to ensure that justice is served and that legally meritorious claims prevail no matter who prosecutes them. The Court hopes that Ms. Lofton will find retained counsel, but if she does not, it is confident that she can continue to effectively make her case for herself.

To permit this to happen, the Court agrees with both parties that an extension of time is in order. By separate order, the Court will establish new deadlines of June 15, 2006, for discovery and July 1, 2006, for the filing of dispositive motions. Defendants shall re-notice the missed deposition for a date prior to the new discovery deadline, but no sooner than June 1, 2006.

DATE: 5/10/06

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE